GLICKSTEIN, Judge,
concurring specialty-
I am compelled by the record to concur; but write because I have tried, unsuccessfully, to forestall a confrontation between the judicial systems of Florida and Georgia, by suggesting an order which gave a brief period of time to allow the State of Georgia to rule upon the motion to dismiss filed there by appellees. My colleagues decline to extend the time for deciding this appeal.
There is irony involved in their so declining, this being the 200th anniversary of the Constitution. Catherine Drinker Bowen’s Miracle at Philadelphia describes the summer in which the individual states forged a document, by debate and compromise, that bound a nation together.
Here, the Florida court has enjoined appellant from proceeding in Georgia with the action he instituted there. In my view, such confrontation, even though the record supports the trial court’s action, reflects an unflattering imperfection after 200 years of “united” operation. The judicial system cannot function properly with races to two courthouses in various states to resolve our multi-state disputes.
Perhaps the federal courts cannot help because their trial dockets are so clogged with drug trials that citizens of various states must wait to have their civil causes tried, such as this action based upon an employer — employee covenant restricting employment. If that is true, every effort should be made to avoid confrontations between states’ judicial systems, in my opinion, with the same care as the farsighted visionaries exercised in 1787, notwithstanding the absence of any change in the human condition during that span — which makes reasonable resolution often so difficult.